# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

GERALD CARMICHEAL CAMPBELL, )
)
    Plaintiff, )
)
v. ) Case No. CV410-078
)
E&M SECURITY, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Gerald Campbell seeks the appointment of an attorney and leave to proceed without prepayment of a filing fee in this employment discrimination action. (Docs. 1 & 4.) In forma pauperis status is **GRANTED**. However, because plaintiff's filing is untimely, his case should be **DISMISSED**.[1]

The Court will grant leave to proceed in forma pauperis if the plaintiff demonstrates that he cannot, because of his poverty, afford to pay the costs of litigation and still provide for himself and any dependents. 28 U.S.C. § 1915. While a plaintiff need not be absolutely

---

[1] Because his case should be dismissed, plaintiff's request for appointment of counsel is **DENIED** as moot.

destitute in order to proceed in forma pauperis, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible for him to do so without undue hardship. According to plaintiff's in forma pauperis application, he was most recently employed by E&M Security Company, earning $250 per week. (Doc. 1 at 1.) He has not worked since October 27, 2008. (*Id.*) He has no money saved, and he is no longer receiving unemployment benefits. (*Id.* at 2.) Because he cannot afford to pay the Court's filing fee without suffering undue hardship, the Court **GRANTS** his motion to proceed in forma pauperis.

Plaintiff's claim, however, should be dismissed as untimely. An action brought pursuant to Title VII, the Rehabilitation Act, the Americans with Disabilities Act, or the Age Discrimination in Employment Act must be submitted to the EEOC within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (expressly incorporating 42 U.S.C. § 2000e-5 procedures into ADA cases); *see Miller v. Georgia*, 223 F. App'x 842, 844 (11th Cir. 2007) (stating the same). Here, Campbell filed his

claim with the EEOC on January 28, 2010, but the discrimination took place October 27, 2008, some fifteen months earlier. (Doc. 1 at 8.) The EEOC closed the case as untimely filed. (*Id.* at 9.) Since Campbell did not submit his claim to the EEOC within 180 days, his claim is also time-barred here. *See Burkette v. Montgomery County Bd. of Educ.*, 2008 WL 5114313 at * 4 (M.D. Ala. Dec. 4, 2008); *see also Hoffer v. Manchester Tank & Equip. Co.*, 2010 WL 569905 at *2 (C.D. Ill. Feb. 12, 2010). Therefore, Campbell's case should be **DISMISSED**.[2]

**SO REPORTED AND RECOMMENDED** this  22nd  day of April, 2010.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[2] Such limitations requirements are not jurisdictional and are subject to equitable tolling and wavier. *McClinton v. Ala. By-Products Corp.*, 743 F.2d 1483, 1485 (11th Cir. 1984); *see Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling ninety-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and Circuit precedent on this issue). Therefore, courts should generally refrain from dismissing an action sua sponte on the basis of untimeliness. However, where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed in forma pauperis, the court may dismiss sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming sua sponte dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of sua sponte dismissal based on statute of limitations).